UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EKO BRANDS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KATHY JORDAN dba ZAYNA CENTER,<br><br>Defendant. | Civil Action No. 4:20-cv-03862<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eko Brands, LLC ("Eko") alleges the following causes of action against Defendant Kathy Jordan dba Zayna Center.

### I. PARTIES

**A. PLAINTIFF**

1. Plaintiff Eko Brands, LLC ("Eko") is a Washington limited liability company with an address at 6029 238th St. SE, Woodinville, WA 98072.

**B. DEFENDANTS**

2. On information and belief, Defendant Kathy Jordan is an individual residing at 3406 Rockyridge Dr., Houston, TX 77063, and does business as Zayna Center ("Zayna") from the same address. Defendant has and/or currently manufactures or imports, markets and distributes single-serve coffee brewing products at retailers nationwide and in this District under various brands, including the LOLO COFFEE, LOLO COFFEE TIME and/or ZAYNA brands. Eko has been unable to identify any legal entity associated with the infringement alleged herein, but reserves the right to join any such legal entity once discovered.

## II.	JURISDICTION AND VENUE

3.	This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. Accordingly, original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331.

4.	Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

5.	This Court has personal jurisdiction over Defendant because Defendant: (a) offered, sold, advertised and provided infringing products within retail stores or online distributors in this District; (b) resides in, maintains and has maintained continuous and systematic contacts with this District over a period of time through at least such activities; and/or (c) purposefully availed herself of the benefits of doing business in this District. Accordingly, Defendant maintains minimum contacts with this District that are more than sufficient to subject the Defendant to service of process in compliance with due process of law.

6.	Venue is proper because, at all times relevant hereto, Defendant resides or is otherwise found in this District and a substantial part of the events giving rise to Eko's claims occurred in this District, including but not limited to Defendant's transacting business and engaging in acts of patent infringement in this District. Defendant is subject to personal jurisdiction in this District at the commencement of this action, as set forth above.

## III.	FACTUAL ALLEGATIONS

### A.	GENERAL ALLEGATIONS

7.	Eko has been a market leader in selling single-serve, reusable beverage cartridges that are commonly used with single-serve beverage brewing machines, such as those sold under the Keurig® brand. Eko also sells paper filters and cleaning tablets to be used in connection with its reusable beverage cartridges.

8.	Eko's reusable filter brewing cartridges are designed as a replacement for KEURIG®'s "K-cups." The latter are distributed pre-filled with ground coffee beans and are

designed by KEURIG® to be used once and then disposed. This has caused many consumers to be concerned with the environmental impact of these disposable cartridges. To solve this issue, and others, Eko's reusable filter brewing cartridges are designed to allow the consumer to fill them with their own choice of ground coffee and can be refilled and reused to brew coffee in a KEURIG® machine. These are designed with permanent filters so that a consumer only has to wash out the cartridge and refill it to reuse it.

9. True and accurate images of examples of Eko's products are reproduced below:

    

10. Eko has sold, and continues to sell its products through a variety of online and physical storefronts, including but not limited to: Amazon.com, Walmart, Bed Bath & Beyond, Wayfair.com, Safeway, Kroger, Walgreens and CVS. Eko also advertises its products direct to consumers on its website www.ekobrew.com.

B. **EKO'S PATENT RIGHTS**

11. Eko is a leading designer and innovator in the single-serve, reusable beverage cartridge industry. Since the company's founding, Eko has expended hundreds of thousands of dollars in developing and marketing high-quality, reliable products, thereby contributing to the company's goodwill and reputation. As a result of Eko's tireless efforts, the company's inventors were awarded multiple United States Patents, including Nos. 8707855 ("855 patent"); 8561524; 10154751 ("751 patent"); D677120; and D688095, all of which have been since been assigned to Eko. The 855 patent issued April 29, 2014 and the 751 patent, which is a continuation of the 855 patent, issued December 18, 2018.

12. Eko has licensed its patents as well as successfully defended them against validity challenge or infringement by others. The 855 patent underwent reexamination by the U.S. Patent Office, which confirmed the patentability of certain of its original claims, leading to issuance of an Ex Parte Reexamination Certificate for the 855 patent on February 21, 2017. In June 2018, Eko successfully won a jury verdict of substantial damages, permanent injunction and award of attorney's fees for infringement of the 855 patent, which judgment was affirmed by the Federal Circuit. *Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 325 F. Supp. 3d 1116, 1121 (W.D. Wash. 2018), *aff'd* 946 F.3d 1367 (Fed. Cir. 2020).

13. Eko has and continues to sell a commercial embodiment under the 855 and 751 patents, and its products have enjoyed commercial success. Eko has consistently marked its products per 35 U.S.C. 287(a).

14. Exemplary images from the 855 and 751 patents are shown below, illustrating exemplary reusable coffee cartridges covered by the patent having either a single or dual receptacle cartridges facilitating use in Keurig coffee brewers:



Fig.2.  Fig.3.

### C. DEFENDANT'S WRONGFUL ACTIONS

15. Defendant has made and/or imported, offered for sale, and/or sold single-serve, reusable beverage cartridges that infringe Eko's patent rights.

16. Defendant's infringing products are believed to be sold under the LOLO COFFEE, LOLO COFFEE TIME and/or ZAYNA brands, typically packaged in single units, on third-party websites such as www.amazon.com, for example as follows:



17. On information and belief, Defendant has known that their single-serve, reusable beverage cartridges infringe Eko's 855 patent since at least as early as August 8, 2020, when Defendant was notified in writing of its infringing actions. Defendant refused to resolve the matter or cease sales of the infringing products despite awareness of the infringement.

### IV. CAUSE OF ACTION—INFRINGEMENT OF THE 855 PATENT

18. Eko repeats the allegations above.

19. The accused single-serve, reusable beverage cartridges made, offered for sale, sold, and imported by Defendant, including without limitation those sold under the LOLO COFFEE, LOLO COFFEE TIME and/or ZAYNA brands (including with derivative markings), infringe Eko's 855 patent. Without limitation, the infringed claims include at least claim 8.

20. By way of example, the image below are of one of the known LOLO COFFEE, LOLO COFFEE TIME and/or ZAYNA single-serve, reusable beverage cartridges notated to show the correspondence between asserted claim limitations in claim 8 and features of the infringing product. Each of the infringing cartridge variations have identical structural features regardless of their coloring, mesh screen configuration, branding or packaging, making the below example equally applicable to each accused product:






*8. A beverage brewing device for use with a single serve beverage brewer having a brewing holster, an inlet probe for dispensing water, the inlet probe moveable between a non-brewing*

*position and a brewing position, and an outlet probe extending upwardly into the brewing holster for outleting a brewed beverage, the beverage brewing device comprising:*

> *(a) a body (3) removably receivable within a brewing holster of a single serve beverage brewer, the body (3) having at least one substantially vertical sidewall (4), a top opening (6), and a bottom surface (10) intersecting the at least one substantially vertical sidewall (4), wherein the at least one substantially vertical sidewall (4) and the bottom surface (10) of the body (3) define a brew chamber configured to contain a dry beverage medium;*
>
> *(b) at least one outlet probe receptacle (15) defined in the body (3) and extending from the bottom surface (10) of the body and into the brew chamber such that the at least one outlet probe receptacle (10) is configured to receive an outlet probe of the single serve beverage brewer when the body (3) is received within the brewing holster, wherein the at least one outlet probe receptacle (15) is fluidly isolated from the brew chamber to prevent the outlet probe from penetrating the brew chamber, thereby preventing fluid from exiting the brew chamber through the outlet probe;*
>
> *(c) a lid (1) removably securable to the body (3), the lid (1) engageable with the body (3) to selectively enclose a top opening (6) of the body (3);*
>
> *(d) an inlet probe opening (2) defined in the lid (1), the inlet probe opening (2) configured to receive an inlet probe of the single serve beverage brewer in a brewing position for placing the inlet probe into fluid communication with the brew chamber; and*
>
> *(e) at least one filter (18) defined within the body (3), the at least one filter (18) configured to retain the dry beverage medium within the brew chamber while allowing the brewed beverage to exit the brew chamber,*
>
> *wherein first and second outlet probe receptacles (15, 15') are defined in the body (3) and extend from the bottom surface (10) of the body (3) into the brew chamber, and wherein the first and second outlet probe receptacles (15, 15') are positioned substantially 180° apart on the bottom surface (10) of the body (3).*

21. Defendant has not been granted any license or other authority from Eko to make, import, use, offer for sale, or sell its single-serve, reusable beverage cartridges.

22. The activities by Defendant with regard to her single-serve, reusable beverage cartridges constitute direct infringement of the 855 patent pursuant to 35 U.S.C. § 271.

23. As a direct result of the infringing activity by Defendant, Eko has suffered, and will continue to suffer, damages in an amount to be established at trial. In addition, Eko has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

24. The infringement by Defendant was with full knowledge of the 855 patent, and has continued despite that knowledge. Defendant's infringement is in willful disregard of Eko's patent rights.

V.   CAUSE OF ACTION—INFRINGEMENT OF THE 751 PATENT

25. Eko repeats the allegations above.

26. The accused single-serve, reusable beverage cartridges made, offered for sale, sold, and imported by Defendant, including without limitation those sold under the LOLO COFFEE, LOLO COFFEE TIME and/or ZAYNA brands (including with derivative markings), infringe Eko's 751 patent. Without limitation, the infringed claims include at least claims 1-5.

27. By way of example, the images below are of a LOLO COFFEE, LOLO COFFEE TIME and/or ZAYNA single-serve, reusable beverage cartridge notated to show the correspondence between asserted claim limitations in claim 1 and features of the infringing product. Each of the infringing cartridges has identical structural features regardless of their coloring, mesh screen configuration, branding or packaging, making the below example equally applicable to each accused product:




 

*1. A beverage brewing device for use with a single serve beverage brewer having a brewing holster, an inlet probe for dispensing water, the inlet probe moveable between a non-brewing position and a brewing position, and an outlet probe extending upwardly into the brewing holster for outletting a brewed beverage, the beverage brewing device comprising:*

*a lid (1) defining an inlet probe opening (2) sized to receive the inlet probe;*

*a cup (3) comprising—*

*a sidewall (4) having a circular upper edge (5) defining an upper opening (6), a lower edge (7) defining a lower opening (8), and an inner sidewall surface (9) extending between the circular upper edge (5) and the lower edge (7);*

*a bottom wall (10) having a planar inner surface (11) and planar outer surface (12) opposite the planar inner surface (11), the bottom wall (10) extending across the lower opening (8) such that the planar inner surface (11) intersects the inner sidewall surface (9), the bottom wall (10) defining a receptacle opening (13) extending inwardly into the bottom wall (10) from an edge (14) of the bottom wall (10);*

*a receptacle (15) secured to the bottom wall (10) over the receptacle opening (13) and extending upwardly from the bottom wall (10) and lower edge (7) toward the upper edge (5), the receptacle (15) having a convex inner surface (16) and a concave outer surface (17), the concave outer surface (17) sized to receive the outlet probe*

> *when the cup (3) is positioned within the brewing holster, the receptacle (15) being a continuous layer of material that prevents fluid flow through the continuous layer of material;*
>
> *one or more mesh filters (18) included in at least one of the sidewall (4) and the bottom wall (10);*
>
> *wherein the convex inner surface (16), planar inner surface (11) and inner sidewall surface (9) define a volume for receiving brewing material, the volume being sealed except for the one or more mesh filters (18) and the upper opening (6).*

28. Defendant has not been granted any license or other authority from Eko to make, import, use, offer for sale, or sell its single-serve, reusable beverage cartridges.

29. The activities by Defendant with regard to her single-serve, reusable beverage cartridges constitute direct infringement of the 751 patent pursuant to 35 U.S.C. § 271.

30. As a direct result of the infringing activity by Defendant, Eko has suffered, and will continue to suffer, damages in an amount to be established at trial. In addition, Eko has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

31. The infringement by Defendant was with full knowledge of the 751 patent, and has continued despite that knowledge. Defendant's infringement is in willful disregard of Eko's patent rights.

## VI. PRAYER FOR RELIEF

Eko requests the following alternative and cumulative relief:

a. That Defendant be preliminarily and permanently enjoined and restrained from directly or indirectly making, using, importing, exporting, offering for sale, or selling single-serve, reusable beverage cartridges or colorable imitations thereof;

b. That Defendant pay damages adequate to compensate Eko for the infringement by Defendans in no event less than a reasonable royalty for the use of the inventions;

c. That the damages award be trebled pursuant to 35 U.S.C. § 284;

d. That Eko be granted its reasonable attorney's fees pursuant to 35 U.S.C. § 285 or other applicable laws;

e. That Eko be awarded prejudgment interest, post-judgment interest, and costs; and

    f.    Such other and further relief as the Court may deem just and proper.

Dated: November 13, 2020

Respectfully submitted,

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Attorney-in-Charge
Texas State Bar No. 24037685
Southern District Bar No. 23662
darin.klemchuk@klemchuk.com
Christian Cowart
Texas Bar No. 24105748
Southern District Bar No. 3206703
christian.cowart@klemchuk.com
**KLEMCHUK LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: 214.367.6000
Facsimile: 214.367.6001

David A. Lowe (*Pro Hac Vice to be filed*)
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
Lowe@LoweGrahamJones.com

**ATTORNEYS FOR PLAINTIFF**
**EKO BRANDS, LLC**